

# Fourth Court of Appeals
## San Antonio, Texas

June 29, 2022

No. 04-22-00398-CR

Marvin Leslie **PERKINS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-1557-CR-A
Honorable Jessica Crawford, Judge Presiding

# O R D E R

The trial court imposed sentence in the underlying cause on April 25, 2022. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on May 25, 2022. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on June 9, 2022. *See id.* R. 26.3. Appellant filed a notice of appeal on June 3, 2022. He did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Having reviewed the record, it appears that the notice of appeal was untimely filed, and no motion for extension of time was filed. It is therefore ORDERED that appellant show cause in writing within two weeks from the date of this order why this appeal should not be dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991)(out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).[1]

---

[1] We also note the trial court's certification in this appeal states: "[T]his criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of June, 2022.

_____
Michael A. Cruz,
Clerk of Court

---

25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).